STURGIS, Judge.
The defendant below, hereinafter called “seller”, appeals from a final decree which interpreted certain provisions of a promissory note given appellees, hereinafter called “buyers”, to evidence the unpaid balance of the purchase price of a mercantile business pursuant to a sales agreement between the parties. The note was secured by a chattel mortgage upon certain personalty involved in the transaction.
, The buyers brought suit in equity for a declaratory decree construing certain provisions of the sales agreement and note given pursuant thereto, and to enjoin the seller from prosecuting any action thereon pending such decree. Injunction did not issue and the seller thereafter, filed suit to foreclose the mortgage. The causes were consolidated pursuant to Rule 1.20, Rules of Civil Procedure, 30 F.S.A.
The record discloses that on October 7, 1959, the parties entered into a sales agreement providing for the sale of the merchandise according to inventory, accounts receivable, and lay-aways of a business known as Lahn’s for a sum of money which was paid in cash at time of closing on October 26, 1959, and providing, further, for the payment by buyers to seller of an additional sum of $25,000.00 for items as follows: $23,000.00 for seller’s interest as lessee of the business premises from Eastman Kodak Company, and for purchase of furniture, fixtures, and equipment according to an attached inventory; $1,000.00 for “Seller’s non-compete agreement”; and $1,000.00 for good will and use of the trade name “Lahn’s”; said $25,000.00 to be paid
$4,170.00 in cash at time of closing and the balance ($20,830.00) in five semi-annual installments of $4,166.00 each plus 3j4% interest on unpaid balances, said balance of principal and interest thereon to be evidenced by buyers’ promissory note to seller secured by a chattel mortgage on the fixtures, equipment and stock of merchandise of said business, and to be further secured by an assignment of the lease from Eastman Kodak Company, the assignment to become effective only upon default in payment of the note. The mentioned lease contained a provision whereby, in the event the lessor should sell or dispose of the premises, the tenant was required to vacate within six months after written notice had been given. In contemplation thereof said sales agreement contained the following provision:
“Said note and mortgage shall be conditioned upon the continuance of the lease of said premises at 127 W. Adams Street from Eastman Kodak Company to Blanche Lahn or to the Buyer, and if said lease is cancelled prior to the payment in full of said note, the Buyer shall be required only to pay the prorata balance due on said note as of the date of cancellation of said lease and thereupon said note and mortgage shall be considered paid in full and satisfied.”
In accordance therewith the item of $4,-170.00 was paid and the subject note and mortgage were delivered when the transaction was closed on October 26, 1959. The note contained a provision in accordance with the above quoted provision of the sales agreement.
Buyers entered into possession and paid the note installments maturing April 26, 1960, October 26, 1960, and April 26, 1961. On August 8, 1961, the lessor, Eastman Kodak Company, notified buyers that the leased premises had been sold and required them to vacate by February 8, 1962. By letter dated August 21, 1961, buyers informed seller of lessor’s action and stated that according *525 to their interpretation of said sales agreement and note the cash payment of $4,170-00 made at time of closing on October 26, 1959,
“was a payment in advance for the first six months, and that similarly, each payment on the note was a payment in advance for the following six months. Accordingly, the payment of $4,166, which is due on the note in late October of this year, will be in payment for the following six months, which would end in late April, 1962. But since * * * [we] must vacate before February 8, 1962, such payment must be prorated and you will receive only 10%82.5ths, or approximately %ths of $4,166 in October.”
Buyers’ letter requested seller to advise if such method of prorating the October 26, 1961, note installment was agreeable. On August 28, 1961, the seller by letter advised buyers that there was no ambiguity in the agreement or the note and that it was expected that the October 26, 1961, note installment be paid in full and that the April 26, 1962, note installment be prorated to the date of cancellation of the Eastman. Kodak lease. On the October 26, 1961, installment payment date the buyers, in accordance with their above interpretation of their obligation, tendered to seller $2,403.78 principal and $84.14 interest, and on the following day filed the mentioned suit for a declaratory decree and to enjoin any action by seller on the note and mortgage pending determination of that suit.
The seller returned the amount tendered by buyers and demanded payment in full of the installment maturing October 26, 1961. Payment was not made and seller then filed the suit to foreclose which was consolidated with buyers’ pending suit. In the course of the proceedings buyers paid $4,166.00 plus interest into the registry of the court for application on such final decree as might be entered, and under instructions that seller might withdraw the previous amount tendered at any time.
The final decree herein contains a finding that the note is “obscure and does not provide a definite measure or standard for the determination of the proportion of the balance to be paid.” It rejected the contentions of both parties as to the method of proration intended thereby, and resolved the obligation of the buyers to the seller on the following basis:
“(1) The plaintiffs [buyers] have or will have occupied the demised premises 831 days (i. e. November 1, 1959 to February 8, 1962) as of the effective date of the cancellation of the lease out of the total term of 1096 days (i. e. November 1, 1959 to October 31, 1962) which is 75.82% of the term. The amount accrued on the note as of February 8, 1962 (75.82% of $20,830.00) is $15,793.31. The amount paid by the plaintiffs (3 x $4,166.00) is $12,498.00; so that the ‘pro-rata balance due’ is $3,295.31, plus interest thereon at 3i/£% per annum from April 26, 1961, through January 25, 1962, which interest amounts to $86.51, making a total of $3,381.82 due from the plaintiffs [buyers] to the defendant [seller].”
The decree also provided the sum of $300.-00 to be paid by buyers to seller as a reasonable fee for the services of her attorneys incident to the attempt to foreclose the mortgage or to collect the amount due on the note. It required the buyers to forthwith pay said amounts to the' seller or suffer the fund by buyers paid into the registry of the court to' be applied in satisfaction thereof, and it required seller to furnish buyers with a satisfaction of the chattel mortgage in exchange for such payment.
The seller (appellant) challenges the interpretation placed by the chancellor on the sales agreement and note as being an improper departure from the pleadings and proofs, and also contends that the fee allowed for the services of her attorney is inadequate. Inherent in appellant’s assignments of error is a contention that the sales *526 agreement and note are not ambiguous, that the amount payable thereunder is as specified by her above mentioned letter of August 28, 1961, addressed to buyers’ attorney, and that the formula for proration as adopted by the chancellor is incorrect.
The buyers (appellees) cross-assigned error on grounds which challenge the action of the lower court (1) in striking an affirmative defense interposed to seller’s counterclaim for foreclosure of the chattel mortgage, (2) in allowing a fee for the services of seller’s attorney, and (3) in decreeing that buyers owed seller the principal sum of $3,295.31 principal and $86.51 interest on the note in suit, it being contended that the formula for proration as set forth in their mentioned letter to seller is the correct one to be applied.
Appellees’ brief correctly reduces the points of law involved on this appeal pursuant to “all assignments of error of both parties” to the following:
I
DID THE TRIAL COURT PROPERLY CONSTRUE THE PROMISSORY NOTE BY DECREEING THAT THE PRINCIPAL SUM DUE THEREON UPON CANCELLATION OF THE LEASE WAS $3,-295.31 RATHER THAN $2,403.78 AS CONTENDED BY APPELLEES, OR $6,569.78 AS CONTENDED BY APPELLANT?
II
DID THE TRIAL COURT ERR IN DECREEING THAT THE APPEL-LEES OWED APPELLANT $300.00 AS REASONABLE ATTORNEYS’ FEES FOR THE SERVICES OF PIER ATTORNEYS IN CONNECTION WITH THEIR EFFORTS TO FORECLOSE THE MORTGAGE OR TO COLLECT THE AMOUNT DUE ON THE NOTE?
It is cogently argued by appellant, as we agree, that there is nothing obscure, vague or indefinite in the over-all contract evidenced by the sales agreement and promissory note in suit. It is uncontra-dicted that the note was given to evidence the unpaid balance of the purchase money. The payment of $4,170.00 in cash at time of closing is not shown to have any bearing whatever upon the obligation expressed by the note. The note in suit and chattel mortgage securing it are analogous to a purchase money note and mortgage given incident to the purchase of real property in a case where a part of the total purchase price is paid in cash at time of closing.
We find no basis whatever for the adoption by the chancellor of the total term of the lease as compared to the period of occupancy thereunder to serve as the factor upon which to prorate the obligation under the note. The unpaid balance of $20,830.00, as evidenced by the note, represents the consideration in part for items totally unrelated to the value of the leasehold interest, whatever it might have been, but necessarily less than the face of the note. The inapplicability of the factor employed by the chancellor is plainly demonstrated upon applying it to the situation that would have existed had the lessor exercised the right of cancellation shortly after the closing of the purchase agreement, e. g.: if the three-year lease whic|i commenced November 1, 1959, had been noticed for termination on November 1, 1960, one third of the maximum lease period would have expired at such date of termination, on which date the buyers in regular course would have paid the April 26, 1960, and October 26, 1960, note installments of $4,166.00 each, totaling $8,332.00. Since one third of the face of the note is $6,836.34, the buyers, under the formula adopted by the final decree, would have paid $1,495.66 more than they were liable to pay under the contract. It cannot be conceived that such was contemplated and the purchase agreement and note do not remotely suggest that result. It is clear that the subject of proration, as set out in the purchase agreement and note, had to do exclusively with a situation, such as de *527 veloped here, where the buyers were ousted of possession prior to payment of the last installment due under the note, with the result that they were unable to enj oy a full period of six months occupancy subsequent to each installment date except the last, as provided by the note. That is the plain import of the language used. Assuming the parties by additional verbiage might have made their intentions more exact than as expressed by the agreement and note, the only equitable formula to be followed is that advocated by the appellant.
Appellees contend that the $4,170.00 cash payment at time of closing was a type of “advance payment” for the first six-month period following the closing of the transaction and that each installment of the note was a payment in advance for successive six-month periods. The question immediately arises, upon what was it an advance? Under the terms of the lease, the tenant could not be ousted prior to six months notice, and the schedule of payments under the note is such that at the end of each six-month period an installment of principal became due and payable. The “date of cancellation” referred to in the agreement and note does not refer to the date notice of “cancellation” is given by the lessor, but to the final date on which the tenancy must terminate pursuant to the six months advance notice provision of the lease.
We hold that there is nothing vague or indefinite in the over-all terms and conditions of the purchase agreement and note given pursuant thereto. The sum of $4,-166.00 principal, plus interest on the note as therein provided, became due and payable on October 26, 1961. By virtue of lessor’s act terminating the lease as of February 8, 1962, the final payment under the note (due April 26, 1962) is due to be prorated on the ratio which the six-month period from October 26, 1961, to April 26, 1962, bears to the period of occupancy available to the buyers for the period from October 26, 1961, to February 8, 1962, and appellant was entitled to maintain the proceeding in foreclosure.
Accordingly, the decree appealed must be and it is reversed, and this cause is remanded for further proceedings consistent herewith upon the issues developed by seller’s suit to foreclose, incident to which the trial court will doubtless enter such order as may be proper for the payment of reasonable attorney’s fees incurred by the appellant incident to such foreclosure proceedings, including such as may hereafter be necessary.
Reversed and remanded.
CARROLL, DONALD K., C. J., and WIGGINTON, J., concur.